González, Appellant, *v.* The Registrar, Respondent.

## Appeal from a Decision of the Registrar of Property of Arecibo.

No. 156.—Decided November 12, 1913.

Appeal—Administrative Appeal—Record of Title—Classification of Document—Duties of Registrar.—When a document is presented in the registry for record it is the duty of the registrar, in accordance with the Act of March 1, 1902, relating to administrative appeals, to pass on the document and to record the same or refuse to admit it to record, making the entries required by sections 4 and 7 of the said Act of March 1, 1902, as the case may be; and the registrar who returns a document with the stamps without taking any action because. it does not appear that the internal revenue stamp of one dollar required by law was canceled on the original document, acts in open violation of the said sections.

Id.—Administrative Appeal.—The Supreme Court cannot review in an administrative appeal the decision of a registrar returning the instrument with the stamps to the interested party without taking any action thereon because it does not appear that an internal revenue stamp of one dollar was canceled on the original document. In order that an appeal may be taken, the registrar must refuse absolutely to record the instrument or. admit the same to record with curable defects.

The facts are stated in the opinion.

The appellant appeared *pro se.*

The registrar, Mr. José Marcial López, filed a brief.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a public instrument executed February 10, 1913, by Agustín Hernández Mena for himself and in representation of his wife, of the one part, and Ignacio González Suárez, of the other part, before Notary Juan Quintero, of Mayagüez, the said Hernández Mena acknowledged that he owed to González Suárez the sum of $1,300, which he bound himself to pay, with interest at 1 per cent per month, on July 30, 1913. As security for the payment of the said debt and of a further sum of $500 as costs and attorney's fees in the event of a judicial action, the debtor created a voluntary mortgage in favor of the creditor on a rural property called "Sabana Seca" in the ward of Coto, municipal district of Manatí.

A copy of the said instrument having been presented to the Registrar of Property of Arecibo for the admission to record of the mortgage, it was so made to appear in the corresponding presentation entry of August 14, 1913, and on the 20th of the same month the registrar returned the copy to the interested party with his decision entered at the foot thereof reading as follows:

"This document is returned together with the stamps, no action having been taken thereon because it does not appear that the one dollar internal revenue stamp required by law has been canceled on the original document."

From the decision quoted an appeal has been taken to this court, the appellant praying that the same be reversed and the registrar ordered to record the instrument or make the proper entries in the books of the registry of property in the manner and for the purpose stated in section 4 of the act to provide for appeals against the decisions of registrars of property, approved March 1, 1902. To this end the appellant alleges that although the copy presented in the registry does

not show that the internal revenue stamp for $1 required by Act No. 34, approved March 7, 1912, was canceled on the original document, there is no law requiring the copy of a document to show that the corresponding stamp was canceled on its original. Nor is that omission a legal reason for the refusal of the registrar to comply with section 4 of the act to provide for appeals against the decisions of registrars of property, approved March 1, 1902.

The said section reads as follows:

"Section 4.—Informal defects, if capable of correction, shall not constitute a legal ground for refusing to record or to enter any document presented which constitutes a muniment of title or constitutes or removes a charge against real estate. The record of any such document shall contain a reference to the defects in it and if, at any subsequent time, a document be presented for the purpose of curing the defects existing in the previous document, it shall be recorded and a marginal note of the correction of the defect shall be made on the record or entry of the first document."

From the wording of the registrar's decision it appears that the failure to state in the copy of the instrument presented to him that the stamp had been canceled on the original is a curable defect, for it could be corrected easily; and this being the case, in the absence of any other reason to prevent its admission to record, the registrar should comply with the provisions of the second part of section 4 of the act of March 1, 1902; or, if he thought proper to refuse to admit the instrument to record because of other defects contained therein, he should have entered the cautionary notice required by section 7 of the same act.

The registrar, however, did neither the one nor the other, but by returning the instrument to the interested party without making any entry whatsoever he failed to pass upon the document, in open violation of sections 4 and 7 of the Act approved March 1, 1902, and thus deprived the appellant of the right granted him by the said act to appeal from the decisions of the registrars in the cases specified in sections 1 and

5 thereof; *i. e.,* where admission to record is refused absolutely because of an incurable defect or admitted subject to curable defects.

In the present case the registrar should have passed upon the instrument after examining all the reasons which might exist for refusing its admission to record or for admitting the instrument to record with curable defects. He should have made the entries required by law according to the outcome of the said examination, and in that case the party prejudiced thereby could have taken an administrative appeal therefrom to this court.

In the decision appealed from the registrar only returned the stamps, making no entries because it is not shown that the internal revenue stamp of $1 was canceled on the original instrument. He does not refuse to record the instrument on the ground of an incurable defect, entering the cautionary notice required by law, nor does he record the instrument, setting out that it contains curable defects. He does not pass upon the instrument in any way as to whether it is or is not admissible to record, and, in accordance with our ruling in the case of *Bartolomei* v. *The Registrar of Property,* 2 S. P. R., 589, this court is without original jurisdiction to do so. Therefore, as no ruling, properly speaking, has been made after an examination of all the intrinsic and extrinsic features of the instrument presented to the registrar, we have no basis upon which to decide the present appeal.

The grounds on which the appellant bases his appeal may be well taken, but we are unable to review the same to the extent of rendering a final decision therein unless a decision of the Registrar of Property of Arecibo absolutely refusing to record the instrument or admitting the same with curable defects is submitted to our consideration.

For this purpose the appellant should apply to the registrar again to pass upon the instrument in a proper way and render an appealable decision in accordance with the doctrine laid down by us in our decision of October 21, 1902, and sub-

sequently followed in the case of *Mollfulleda* v. *The Registrar of Property, ante* p. 950, which character is lacking in the decision before us.

For the foregoing reasons no decision can be rendered in the present appeal.

*Appeal dismissed.*

Justices del Toro and Aldrey concurred.
Mr. Justice Wolf dissented.
Mr. Justice MacLeary took no part in this decision.

### DISSENTING OPINION OF MR. JUSTICE WOLF.

. The opinion of this court is largely based on the decision in the case of *Bartolomei* v. *El Registrador,* 2 S. P. R., 589. It seems that that case is against the plain letter of the law. As to the spirit, it surely seems to have been the intention of the Legislature that an aggrieved party may appeal from any decision the result of which was to prevent a party from recording a document. Section 799 of the Revised Statutes, in Spanish, is as follows:

*"Sección 799. Cuando el registrador deniegue o suspenda alguna inscripción, anotación o cancelación, expondrá al pie del documento, clara y concisamente, los motivos legales de su negativa y de ella notificará al interesado, quien firmará la notificación."*

Taking merely the Spanish words it is evident that if the registrar refused to record a document he must state his reasons at the foot thereof. The English words are clearer. They follow:

"Section 799. That when any registrar, of property refuses absolutely or provisionally to record or to give its full legal effect to any document which may be presented to him for recording or for the annotation of the contents thereof, whether it be a deed, a decree, a mortgage, a satisfaction of a mortgage or any other document which he is required by law either to record or to enter, he shall set out

clearly and concisely at the foot of the document his reasons for the refusal and shall serve notice of his action upon the interested party accompanied by a copy of his written reasons for the refusal.''

Now, to refuse to take any action and to hand the document and the revenue stamps back to the party is a refusal (*denegación*), according to the Spanish text, and it is surely an absolute refusal according to the English text.

Section 801, in Spanish, is as follows:

''*Sección 801. Si el interesado recogiere el documento, podrá presentarlo al tribunal dentro de los veinte días siguientes a la notificación de la negativa que debió hacerle el registrador y se decidirá el recurso según dice la sección 2 de esta ley.*''

And this is rendered in English as follows:

''Section 801. The party interested may withdraw the document within two days after the refusal of the registrar to record or enter it, and within twenty days thereafter may present it to the Supreme Court and the court shall thereupon affirm or reverse the action of the registrar, as in section 2.''

The right of appeal runs from the refusal to ''record'' or ''enter'', and the Legislature, in adopting the English text, showed that both words were included in the word ''*negativa.*''

Section 803, in English, is as follows:

''Section 803. Any party interested in any document presented for record may appeal to the Supreme Court from any decision of the registrar as to the existence of defects and as to whether they are immaterial and curable or not. The Supreme Court may affirm or reverse the decisions of the registrar and the registrar shall make the appropriate entry in conformity with its decision.''

The Spanish only speaks of *defectos subsanables,* or curable defects. It is as follows:

''*Sección 803. Contra la calificación de defectos subsanables que hicieren los registradores podrá acudir el interesado al Tribunal Supremo para resolución definitiva. El Tribunal Supremo confirmará o revocará la resolución del registrador y éste hará lo que procediere de conformidad con dicha decisión.*''

Taking all these sections in both languages I think it is shown that the right of appeal is absolute and does not depend upon whether the registrar has considered the merits of the case or not. A refusal to do anything whatsoever transcends and includes a refusal to enter in the books of the registry.

Neither is the jurisdiction of this court limited to order the entry of a document. In sections 800, 801 and 803 it is enacted that the Supreme Court may reverse or affirm the "action" or the "decision," as the case may be. To order the registrar to consider a document that he has hitherto refused to consider is to reverse his action or decision. There is nothing in the words of the statute or in any other part of the law which requires this court in reversing to order the record or entry, but we have the power to order the registrar to act.

I now pass to the question of whether the registrar ought to have received the document and considered it. Act No. 34 of March 7, 1912, in its essential part, provides as follows:

"1. On each original instrument or document attested by a notary public or recorded by a registrar, one dollar: *Provided,* That upon all documents executed by officials in the course of official business no tax shall be levied, collected or paid.

"2. On each copy of such original instrument or document, fifty cents.

"3. On each registration or record of such instrument or document, or copy thereof, fifty cents.

"4. On each affidavit or declaration of authenticity executed before a notary public, justice of the peace, or other officer, but not including officers of the Internal Revenue Service, when taking statements, affidavits and oaths in matters relating to the assessment of property, and violations of the internal-revenue laws, twenty-five cents: *Provided,* That no tax shall be levied upon such instruments executed before justices of the peace, or other judicial officers, referring to matters in judicial proceedings before them.

"That the taxes herein provided shall be payable by the affixture to the document, instrument, affidavit, or declaration of authenticity of an internal-revenue stamp of the proper denomination, same to be canceled by the officer executing the document or instrument by

writing thereon his initials and the date of the affixture of the same.

"Every person who attests or registers, or causes to be attested or registered, any instrument or document, or any copy thereof without first paying the costs herein prescribed, shall, upon conviction thereof, be fined the sum of one hundred dollars."

Now, under 1 and 2 stamps are required to be affixed to the original and the copy; under 3 a stamp is also required to be affixed to the registration.

On August 14, 1913, Ignacio González Suárez presented for registry, in Arecibo, a copy of a notarial deed which the registrar refused to record because it did not appear that a one-dollar revenue stamp had been canceled on the original deed.

A reading of the penal clause of the act heretofore quoted shows that the duty to affix the one-dollar revenue stamp is not placed upon the registrar, but upon the person whose duty it is to pay the same be he the interested party or the notary, and that it would be such person and not the registrar who would incur the penalty of the law for failure to affix the stamp. The words "every person who attests or registers" and the following words refer to the person whose duty it is to affix a particular stamp, and the word "registers" refers to the stamp that the registrar is obliged to affix. The note should have been reversed.